IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LAURIE LYNN RAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00453-BP |
| | § | |
| ANDREW M. SAUL, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION**

Plaintiff Laurie Lynn Ray ("Ray") filed this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the denial by the Commissioner of Social Security ("Commissioner") of her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II of the Social Security Act ("SSA"). ECF No. 1. After considering the pleadings, briefs, and the administrative record, the undersigned **AFFIRMS** the Commissioner's decision.

**I.   STATEMENT OF THE CASE**

Ray was born on September 26, 1963 and was fifty-three years old at the alleged disability onset date, which is defined as an individual closely approaching advanced age. Soc. Sec. Admin. R. (hereinafter "Tr."), ECF No. 22-1 at 24. Ray obtained at least a high school education. *Id.* She filed for DIB and for SSI on Mach 6, 2017. Tr. 16. She alleged that her disability began on February 5, 2017. *Id.* The Commissioner initially denied her claims on August 7, 2017, and denied them again upon reconsideration on November 30, 2017. *Id.* Ray requested a hearing, which was held before Administrative Law Judge ("ALJ") Kevin Batik on November 30, 2018 in Fort Worth, Texas, with Lisa R. Cox, an impartial vocational expert ("V.E."), the Plaintiff, and her

attorney present. *Id.* The ALJ issued an unfavorable decision on March 29, 2019, finding that based on the applications for DIB and SSI, Ray was not disabled. Tr. 26.

The ALJ employed the statutory five-step analysis and established during step one that Ray had not engaged in substantial gainful activity since February 5, 2017. Tr. 18. At step two, the ALJ determined that Ray had the severe impairments of lupus, obesity, degenerative joint disease in both knees, degenerative disc disease in her lumbar spine, obstructive sleep apnea, and asthma. *Id.* At step three, the ALJ found that Ray's impairments did not meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 20. He found that Ray

> had the residual functional capacity to perform sedentary work as defined in the Regulations. She can frequently reach, handle, finger, and feel with her bilateral upper extremities. She can occasionally climb ramps and stairs. She can occasionally balance, stoop, kneel, crouch, and crawl. She can have occasional exposure to dust, fumes, and pulmonary irritants. She can never climb ladders, ropes, or scaffolds. She can never work at unprotected heights, around moving parts, or drive as part of the job.

*Id.* At step four, the ALJ found that Ray was unable to perform her past relevant work as a cashier supervisor and an assistant manager. Tr. 24. At step five, the ALJ determined that there were a significant number of jobs in the national economy that Ray could perform, so a finding of "not disabled" was appropriate. Tr. 24-25.

The Appeals Council denied review on March 11, 2020. Tr. 7. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II.   STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. § 404 (2020).

2

Title XVI, 42 U.S.C. § 416 *et seq.*, of the SSA governs the supplemental security income program in addition to numerous regulations concerning supplemental security income. *See* 20 C.F.R. § 416 (2020). The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (2020); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be engaged in any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002) (citing 20 C.F.R. § 404.1572(a)-(b)). Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(a)(4)(ii); *see Stone v. Heckler*, 752 F.2d 1099, 1100-03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, the impairments must prevent the claimant from returning to past relevant work. *Id.* § 404.1520(a)(4)(iv). Before this step, the ALJ assesses the claimant's residual functional capacity ("RFC"), which is "the most [a claimant] can still do despite [the claimant's] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). Fifth, impairments must prevent the claimant from doing any work after considering the claimant's RFC, age, education, and work experience. *Crowley*, 197 F.3d at 197-98; 20 C.F.R. § 404.1520(a)(4)(v).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [he or] she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

The Court reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (internal quotation marks omitted) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Id.*; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (internal punctuation omitted) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

## III. ANALYSIS

Ray raises two issues on appeal. She claims that (1) the ALJ did not use the proper severity standard and substantial evidence does not support his step two determination, and (2) substantial evidence does not support his RFC determination because he failed to order an updated medical opinion. ECF No. 26 at 5.

### A. The ALJ used the correct severity standard and properly considered all of Ray's mental impairments when determining her RFC.

Ray alleges that the ALJ applied an improper legal standard to evaluate her severe mental impairments. *Id.* at 14. She argues that defining a non-severe impairment as one that does "'not cause more than minimal limitations in [Plaintiff's] ability to perform basic mental work activities'" is inconsistent with *Stone*. *Id.* at 15 (citing Tr. 19). The Commissioner contends that the "ALJ applied the correct legal standard at step two of the sequential evaluation process, even though he did not cite to *Stone*." ECF No. 27 at 4. The Commissioner also contends that the ALJ properly evaluated the medical evidence, and the record supports the ALJ's step two determination. *Id.* at 6.

Although the ALJ did not use the exact language set forth in *Stone*, he applied the correct severity standard. At step two of the sequential analysis, the ALJ must consider the medical severity of the claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii) (2019). To comply with this regulation, the ALJ "must determine whether any identified impairments are 'severe' or 'not severe.'" *Herrera v. Comm'r of Soc. Sec.*, 406 F. App'x 899, 903 (5th Cir. 2010) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)(ii), (c)). To evaluate whether a claimant's medical condition qualifies as a "severe impairment," the Commissioner has issued regulations that define a "severe impairment" as one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c) (2020). The Fifth Circuit has held that a literal application of that definition is inconsistent with the statutory language and legislative history of the SSA. *See Stone*, 752 F.2d at 1102-05. Instead, the Fifth Circuit established in *Stone* that an impairment is not severe only when it is a "slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Id.* at 1101 (internal punctuation and quotation

5

marks omitted).

To prevent the regulatory standard for severity from limiting a claimant's rights, the Fifth Circuit held in *Stone* that it would "assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c) (1984) is used." *Id.* at 1106. Nevertheless, a case will not be remanded simply because the ALJ did not use the "magic words[,]" but only when there is no indication that the ALJ applied the correct standard. *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986).

Here, the ALJ did not cite to *Stone* or apply the *Stone* standard in his decision. *See* Tr. 16-26. Instead, he stated the severity standard as follows:

> An impairment or combination of impairments is "severe" within the meaning of the regulations if it has more than minimal effect on an individual's ability to perform basic work activities. An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (20 CFR 404.1522 and 416.922; Social Security Rulings (SSRs) 85-28 and 16-3p).

Tr. 17. The Fifth Circuit recently held in *Keel v. Saul*, that Social Security Ruling 85-28 comports with the *Stone* severity standard. 986 F.3d 551, 556 (5th Cir. 2021). Therefore, Ray's attack on the ALJ's statement of the severity standard is unavailing. Moreover, based on the evidence and the ALJ's analysis, it is inconceivable that the ALJ would have reached a different conclusion—that Ray's depression disorder, anxiety, or situational claustrophobia was severe—if he had applied the *Stone* standard rather than the standard that he applied. Therefore, the ALJ's error, if any, in not applying the *Stone* severity standard while analyzing Ray's mental impairments was harmless.

Ray argues that even if the ALJ employed the proper standard, substantial evidence does not support his determination because he "ignore[d] all evidence of an impairment in support of finding [her mental impairments] not severe." ECF No. 26 at 18. The Commissioner argues that Ray's claims are subject to the revised Social Security regulations effective March 27, 2017 and thus "the ALJ was not bound by the State Agency opinions or the opinion from consultative examiner [Dr. Gallagher]." ECF No. 27 at 7. Ray counters that she filed her claims March 6, 2017, before the revised regulations became effective. ECF No. 28 at 2.

Ray is correct in asserting that the revised regulations that became effective on March 27, 2017 do not apply to this case. However, this fact does not impact the analysis of Ray's claims. Although Ray argues that other evidence in the record supports her assertion that her mental impairments were severe, her "burden is not to highlight evidence contrary to the ALJ's ruling, but to show that there is no substantial evidence supporting the ALJ's decision." *Caldwell v. Colvin*, No. 4:15-cv-00576-O-BL, 2016 WL 3621097, at *3 (N.D. Tex. June 10, 2016), *rec. adopted*, No. 4:15-cv-00576-O, 2016 WL 3523780 (N.D. Tex. June 28, 2016); *see, e.g.*, ECF No. 26 at 16-17. Ray's disagreement with the ALJ's severity finding does not carry her burden of establishing that no substantial evidence supports the ALJ's determination.

The ALJ must consider medical opinions together with the rest of the relevant evidence in the record in evaluating a claimant's ability to do mental and physical work activities. 20 C.F.R. § 416.945(a)(3). An ALJ "generally cannot reject a medical opinion without providing an explanation for that rejection, even if good reasons exist for disregarding the opinion. Failure to explain the rejection of a medical opinion justifies a remand." *Winston v. Berryhill*, 755 F. App'x 395, 398 (5th Cir. 2018) (citing *Kneeland v. Berryhill*, 850 F.3d 749, 759-61 (5th Cir. 2017)). Ray contends that the ALJ failed to give proper weight and consideration to Dr. Gallagher's opinion, but the record shows otherwise. Contrary to Ray's assertion, the ALJ did consider Dr. Gallagher's

7

report in his RFC assessment. Tr. 23-24. Thus, the ALJ considered Dr. Gallagher's report and did not err as Ray alleged.

Substantial evidence in the record supported the ALJ's determination that Ray's mental impairments were not severe. The ALJ properly considered the evidence related to Ray's anxiety, situational claustrophobia, and depression. On July 6, 2017, Ray saw Sheree Gallagher, Psy. D., the State Agency medical consultant ("SAMC"), for a mental status examination. Tr. 653. Dr. Gallagher noted that Ray suffered from claustrophobia since childhood, but "she maintained consistent employment" despite the claustrophobia. Tr. 658. Additionally, Dr. Gallagher stated that while Ray had symptoms of depression, she "did not meet the full criteria for depressive disorder." *Id.* On August 2, 2017, Ray saw Matthew Wong, Ph.D. for a mental status examination. Tr. 73, 89. Dr. Wong noted that Ray was "able to understand, remember, and carry out complex instructions, make decisions, concentrate for extended period, interact with others, and respond to changes." *Id.* Finally, on November 10, 2017, Blaine Carr, Ph.D., examined Ray and, like Dr. Wong, concluded that she did not have any significantly limiting mental impairments. Tr. 108-09, 125-26. The ALJ's opinion shows that he complied with 20 C.F.R. § 404.1545(a)(2) in considering all of Ray's impairments, and under both severity standards, substantial evidence supports his findings that Ray's mental impairments were not severe.

There is no reversible error when the medical evidence does not support any additional limitation. *See Martinez v. Colvin*, No. 4:12-cv-542-A, 2013 WL 5227060, at *7 n.17 (N.D. Tex. Sept. 16, 2013); *Adams v. Colvin*, No. 4:12-cv-490-A, 2013 WL 5193095, at *9 n.6 (N.D. Tex. Sept. 13, 2013). The ALJ properly considered Dr. Gallagher's medical opinion, though he did not give it the weight that Ray urges. Additionally, as stated above, the ALJ considered all relevant medical evidence in his step two analysis. Tr. 19. Ray has not shown that the ALJ's determination

that her mental impairments were not limiting is not based on credible evidentiary choices or medical findings. Therefore, there is no reversible error.

B.  **Substantial evidence supported the ALJ's RFC determination.**

Ray argues that the ALJ did not properly order an updated medical opinion, even though the ALJ determined that the SAMC was inconsistent with the medical records. ECF No. 26 at 19. Ray contends that the ALJ erred by failing to order an updated report by the SAMC to interpret the medical records. *Id.* Further, Ray argues that because the ALJ did not have this updated report interpreting how her knee impairments would affect her ability to function, substantial evidence did not support the RFC. *Id.* at 22. The Commissioner responds that the ALJ properly evaluated the record as a whole when determining Ray's RFC. ECF No. 27 at 10. Additionally, the Commissioner argues that the caselaw cited by Ray is no longer applicable because the March 27, 2017 social security revisions rescinded SSR 96-6p and replaced it with by SSR 17-2p, which deletes the language Ray cites. *Id.* at 11. Therefore, the Commissioner argues, substantial evidence supports the ALJ's decision. *Id.*

Ray asserts that the ALJ erred by not requiring an updated report by the SAMC and instead interpreting raw medical evidence. ECF No. 26 at 21. Further Ray argues that because he did not order an updated SAMC report, his RFC was not supported by substantial evidence. *Id.* at 22. When determining the extent of a claimant's ability to do mental work activities, the ALJ must consider medical opinions together with the rest of the relevant evidence in the record. 20 C.F.R. § 416.945(a)(3). Ray has not shown a lack of credible evidence or medical findings that support the ALJ's RFC finding. Ray argues that the ALJ erred by not disregarding a SAMC opinion and not ordering an additional opinion. ECF No. 26 at 19. However, it is the claimant who bears the burden of presenting evidence of disability, and the ALJ's duty is to develop all relevant facts. *See Audler*, 501 F.3d at 448; *Sun v. Colvin*, 793 F.3d 502, 509 (5th Cir. 2015). To upset the ALJ's

9

decision, the plaintiff must show that there was insufficient evidence for a reasonable person to reach the same conclusion as the ALJ, not that some contradictory evidence might exist. *Newton*, 209 F.3d at 453. The ALJ did not wholly ignore medical evidence regarding Ray's knee impairments. Instead, he found that the record as a whole did not support the SAMC's opinion, and instead he relied on other medical opinions that showed the need for more restrictions. Tr. 21-23. Plaintiff's disagreement with the ALJ's RFC does not carry her burden of establishing that no substantial evidence supports the ALJ's determination. The ALJ cited evidence that supports his RFC determination, and reversal is not required on that point.

Additionally, Ray has not shown that the ALJ's failure to order an updated SAMC report prejudiced her. To establish prejudice, Ray must show that the ALJ "could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (citing *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984). Ray argues that if the ALJ had ordered an updated report, the SAMC would have found that she was unable to work "more than two eight-hour days in a row for a total of no more than four days per week." ECF No. 26 at 21. However, the evidence of the rheumatologist's opinion is not present in the record. There is reference to this recommendation in Ray's subjective complaints to her physician, but there is no objective evidence to support this complaint and recommendation. Tr. 575, 579.

When the claimant alleges subjective complaints of pain, objective evidence must corroborate these allegations. *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989). Pursuant to SSR 96-7p, an ALJ assessing a claimant's allegations of symptoms such as pain or fatigue must conduct an objective-subjective, two-step analysis. *Salgado v. Astrue*, 271 F. App'x 456, 458 (5th Cir. 2008). In the first, objective, step, the ALJ must determine whether there is an impairment that could reasonably be expected to produce the claimant's symptoms. *Id.* If the ALJ identifies an impairment at step one, then the ALJ proceeds to the second, subjective, step and "considers the

applicant's statements about symptoms and the remaining evidence in the record to determine the strength of the symptoms and how the symptoms affect the applicant's ability to do basic work." *Id.* at 459. This requires a credibility finding regarding the applicant's claims about symptoms. *Id.* Further, "[t]he evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ, who has had an opportunity to observe whether the person seems to be disabled." *Loya v. Heckler*, 707 F.2d 211, 215 (5th Cir. 1983).

The ALJ's "evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence." *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). While there was evidence that Ray had experienced significant degeneration in her knees, the ALJ took this evidence into consideration in his determination of her RFC. Tr. 21. The ALJ's determination that Ray should be limited to sedentary work supports a conclusion that he considered evidence of the condition of her knees. Tr. 20. The ALJ cited evidence to support his RFC determination, and Ray has not shown than an updated SAMC opinion would have changed the outcome of the ALJ's RFC. As a result, reversal of the ALJ's opinion is not required on this point.

## IV. CONCLUSION

Because the ALJ employed the correct legal standards, substantial evidence in the record supports his decision, and Plaintiff has not shown that reversal of the decision is required, the Commissioner's decision is **AFFIRMED.**

It is so **ORDERED** on May 21, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE